1

2

3

4

5

6                     UNITED STATES DISTRICT COURT

7                     EASTERN DISTRICT OF CALIFORNIA

8

9   JOHN GIPSON,                          CASE NO. 1:15-cv-00076-LJO-MJS (PC)

10          Plaintiff,                     **FINDINGS AND RECOMMENDATION TO**
                                           **DISMISS ACTION WITHOUT PREJUDICE**
11      v.                                 **FOR FAILURE TO OBEY A COURT**
                                           **ORDER AND FAILURE TO PROSECUTE**
12  CLIFF ALLENBY, et al.,

13          Defendants.                    **(ECF No. 15)**

14                                         **FOURTEEN (14) DAY OBJECTION**
                                           **DEADLINE**
15

16          Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil

17  rights action brought pursuant to 42 U.S.C. § 1983. On March 3, 2015, Plaintiff's

18  complaint was dismissed for failure to state a claim, and he was ordered to file a petition

19  for a writ of habeas corpus or a notice of voluntary dismissal within thirty days. (ECF No.

20  15.) The thirty-day deadline passed without Plaintiff filing either a habeas petition or

21  notice of voluntary dismissal, or seeking an extension of time to do so.

22          Local Rule 110 provides that "failure of counsel or of a party to comply with these

23  Rules or with any order of the Court may be grounds for imposition by the Court of any

24  and all sanctions . . . within the inherent power of the Court." District courts have the

25  inherent power to control their dockets and "in the exercise of that power, they may

26  impose sanctions including, where appropriate, default or dismissal." Thompson v.

27  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based

28

1  on a party's failure to prosecute, failure to obey a court order, or failure to comply with

2  local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for

3  noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.

4  1992) (dismissal for failure to comply with an order requiring amendment of a complaint);

5  Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply

6  with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.

7  U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply

8  with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424-25 (9th Cir. 1986)

9  (dismissal for lack of prosecution and failure to comply with local rules).

10  In determining whether to dismiss an action for lack of prosecution, failure to obey

11  a court order, or failure to comply with local rules, the Court must consider several

12  factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need

13  to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy

14  favoring disposition of cases on their merits, and (5) the availability of less drastic

15  alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423.

16  In the instant case, the public's interest in expeditiously resolving this litigation

17  and the Court's interest in managing its docket weigh in favor of dismissal. The third

18  factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a

19  presumption of injury arises from the occurrence of unreasonable delay in prosecuting

20  this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor –

21  public policy favoring disposition of cases on their merits – is greatly outweighed by the

22  factors in favor of dismissal discussed herein. Finally, as for the availability of lesser

23  sanctions, at this stage in the proceedings there is little available which would constitute

24  a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not

25  paid the filing fees in this action and likely is unable to pay, making monetary sanctions

26  of little use.

27  Based on the foregoing, it is HEREBY RECOMMENDED that the action be

28  dismissed, without prejudice, for failure to obey a court order and failure to prosecute.

2

1    These Findings and Recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

3  fourteen (14) days after being served with these Findings and Recommendations, any

4  party may file written objections with the Court and serve a copy on all parties. Such a

5  document should be captioned "Objections to Magistrate Judge's Findings and

6  Recommendations." Any reply to the objections shall be served and filed within fourteen

7  (14) days after service of the objections. The parties are advised that failure to file

8  objections within the specified time may result in the waiver of rights on appeal.

9  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923

10  F.2d 1391, 1394 (9th Cir. 1991)).

11

12  IT IS SO ORDERED.

13    Dated:    April 7, 2015           /s/ *Michael J. Seng*

14                                     UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3